UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Robert Walker,

        Plaintiff,

v.                                                                                              Case No.: 16-10228

Uber Offices, LLC.

                                                                         Honorable Sean F. Cox

        Defendant.

_____/

## ORDER

Acting *pro se*, Robert Walker ("Plaintiff") filed this action against Uber Offices LLC. (Docket Entry No. 1). Along with his Complaint in this action, Plaintiff filed an application to proceed *in forma pauperis*.

**1.   The Court Grants Plaintiff's Application to Proceed *In Forma Pauperis*.**

Indigent litigants may request a waiver of filing fees under 28 U.S.C. § 1915, but such requests must be accompanied by an "affidavit that includes a statement of all assets." 28 U.S.C. 1915(a)(1). Plaintiff has provided such an affidavit and, having reviewed Plaintiff's application to proceed *in forma pauperis*, the Court hereby **GRANTS** Plaintiff's application to proceed *in forma pauperis* in this action.

**2.   Plaintiff Has Not Properly Alleged Diversity For Purposes of Subject Matter Jurisdiction.**

Plaintiff filed this action on January 22, 2016, in the United States District Court for the Eastern District of Michigan, asserting subject matter jurisdiction through diversity of citizenship

1

pursuant to 28 U.S.C. §1332.

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). Having reviewed Plaintiff's complaint, the Court is not persuaded that Plaintiff has adequately alleged the necessary facts to establish the existence of diversity jurisdiction. Under 28 U.S.C. §1332(a), the two requirements for diversity jurisdiction are: 1) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and 2) that complete diversity of citizenship exists between the disputing parties.

Plaintiff has not adequately alleged the citizenship of Defendant Uber Offices, LLC. Defendant is a limited liability company. For purposes of diversity jurisdiction, a "limited liability company is not treated as a corporation." *Homfeld II, LLC v. Comtair Holdings, Inc.*, 53 Fed. Appx. 731 (6th Cir. 2002); *see also Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003 (6th Cir. 2009). Rather, a limited liability company "has the citizenship of its members." *Id.*

"When diversity jurisdiction is invoked in a case in which a limited liability company is a party, ***the court needs to know the citizenship of each member of the company***. And because a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well." *Delay*, 558 5.3d at 1005 (emphasis added). Here, Plaintiff has not apprised the Court of the citizenship of Defendant's members.

**3.      Even If Diversity Was Properly Alleged For Purposes of Subject Matter Jurisdiction, The Court Dismisses this Action Because Plaintiff Fails To State §§ 1983 And 1343 Claims Against Defendant Uber, LLC .**

Because Plaintiff is proceeding *in forma pauperis*, the applicable statute requires this Court to dismiss this case, at any time, if it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(b)(2) ("the court shall dismiss the case at any time if the court determines that" the action "fails to state a claim on which relief may be granted.").

Plaintiff seeks damages "pursuant to rights secured by the constitution of the United States and those secured by the fourteenth amendment equal protection of the law and wire **fraud** in violation of 18 U.S.C. § 1343." (Pl.'s Compl. at 1) (emphasis in original).

**Equal Protection Claim**

As a threshold matter, the Equal Protection clause of the United States Constitution only protects individuals from discriminatory "state action." U.S. Const. amend. XIV, § 1 ("No State shall... deny to any person within its jurisdiction the equal protection of the laws."); *see also Communities for Equity v. Michigan High School Athletic Ass'n*, 459 F.3d 676, 691 (6th Cir. 2006) ("An entity or individual charged under § 1983 with a Fourteenth Amendment violation must be a 'state actor.'"). "[S]tate action may be found only where there is 'such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'" *Communities for Equity*, 459 F.3d, at 692. (internal citations omitted). Accordingly, Plaintiff's § 1983 claim against Defendant will only survive if he sufficiently alleges that Defendant was engaged in state action.

Plaintiff has not alleged that Defendant Uber, LLC was a "state actor" engaging in "state action." Here, he only alleges that Defendant charged Plaintiff $47 for transportation that was

3

supposed to cost between $10 to $14. (Compl. ¶ 2). Plaintiff claims that Defendant's transportation driver defrauded Plaintiff of $37, which negatively affected his credit score. *Id.* at ¶¶ 3-4. These facts do not support a finding of the requisite "close nexus" between the State and Defendant's challenged conduct. For these reasons, Plaintiff's Complaint does not state an equal protection claim under § 1983.

Thus, to the extent that Plaintiff seeks to assert an equal protection claim, the Court hereby **ORDERS** that claim is **DISMISSED WITH PREJUDICE**. Additionally, pursuant to 28 U.S.C. § 1915(a)(3), this Court hereby certifies that an appeal may not be taken *in forma pauperis* because an appeal would not be taken in good faith.

**Wire Fraud Claim**

Plaintiff also seeks damages pursuant to 18 U.S.C. § 1343. To the extent that Plaintiff is asserting a civil cause of action pursuant to a criminal wire fraud statute, there is no private right of action. Without a private right of action, Plaintiff may not recover civilly for alleged violations of a criminal statute. *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("Violations of these [mail and wire fraud] sections of the federal criminal code do not give rise to independent, private causes of action.").

Thus, to the extent that Plaintiff seeks to assert a wire fraud claim pursuant to § 1343, the Court hereby **ORDERS** that claim is **DISMISSED WITH PREJUDICE.** Moreover, pursuant to 28 U.S.C. § 1915(a)(3), this Court hereby certifies that an appeal may not be taken *in forma pauperis* because an appeal would not be taken in good faith.

It is **FURTHER ORDERED** that Plaintiff's Request for Service by the United States

Marshal is **DENIED AS MOOT.**

    **IT IS SO ORDERED.**


Dated: February 23, 2016          S/ Sean F. Cox
                                                       Sean F. Cox
                                                       U. S. District Judge


I hereby certify that on February 23, 2016, the foregoing document was served on counsel of record via electronic means and upon Robert Walker via First Class mail at the address below:

Robert Walker
25647 Joanne Smith Dr.
Warren, MI 48091

                                                                          S/ J. McCoy
                                                                          Case Manager